974 So.2d 1095 (2007)
Melissa W. JOSEPH, Appellant,
v.
Richard W. JOSEPH, Appellee.
No. 1D06-3173.
District Court of Appeal of Florida, First District.
December 17, 2007.
Rehearing Denied February 22, 2008.
Lyman T. Fletcher of The Law Office of Lyman Fletcher, Jacksonville, for Appellant.
Samuel S. Jacobson of Bledsoe, Jacobson, Schmidt, Wright, Lang & Wilkinson, Jacksonville, for Appellee.
PER CURIAM.
Having reviewed the briefs, and heard oral argument in this case, we find that no reversible error has been credibly advanced by appellant. In particular, we note that the brief filed by appellant's counsel, not the same lawyer who ably argued the cause before this court, does *1096 not, in the argument section, advance any contention sufficient to meet the standard of review on this appeal from an order modifying permanent periodic alimony.
AFFIRMED.
KAHN and ROBERTS, JJ., concur; BROWNING, C.J., Concurs with Separate Opinion.
BROWNING, C.J., concurring.
I concur with the majority, and write only to explain that had the law applicable to this case been correctly presented to the trial judge and preserved for appeal a contrary result would have been reached by me.
The appellee unilaterally reduced his alimony payment from $10,000 per month to approximately $3,600 per month. At the time of the modification and contempt hearing, appellee had approximately $900,000 cash in various depositories and other assets not germane to this opinion. It was argued and accepted below, and erroneously argued by appellee here, that these funds were a part of appellee's equitable distribution and could not lawfully be considered as a part of appellee's ability to pay alimony. This is patently incorrect. See Acker v. Acker, 904 So.2d 384 (Fla. 2005). Had the dictates of Acker been presented and preserved, I would not concur.